# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

RICHARD TEWELL
REG. #16326-424                                                                                          PETITIONER

VS.                                     2:08CV00136 SWW/JTR

T.C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2241 habeas Petition filed by Petitioner, Richard Tewell, a federal prisoner who is incarcerated at FCI Forrest City.[1] (Docket entry #1.) Respondent has filed an Answer. (Docket entry #5.) Thus, the issues are joined and ready for disposition. Before addressing the merits of Petitioner's claim, the Court will review the relevant procedural history of this case.

---

[1] Petitioner is serving a 75-month sentence, imposed in the Eastern District of Illinois, for interstate transportation of child pornography in violation of 18 U.S.C. § 2252. (Docket entry #5, Ex. A, Attachment #2.)

Petitioner seeks to have the Court vacate his disciplinary conviction arising from an incident that took place at FCI Forrest City on April 18, 2008.[2] The day of the incident, Petitioner was charged by Lt. Wanzer with "Threatening Staff with Bodily Harm," a "code 203" violation. (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - Incident Report.) Lt. Wanzer described the incident as follows:

> On 4/18/08 at 7:30 a.m., I had inmate Tewell #16326-424, report to the office about his tort claim. Inmate Tewell was standing outside with Officer Carden and myself discussing his tort claim, when inmate Tewell stated to me "You will find for me or it will be on." The inmate's statement was in a very forceful manner.

*Id.* On April 18, 2008, Officer Carden prepared a memorandum describing the incident as follows:

> On April 18th at about 7:30 a.m. inmate Tewell #16326-424 came to the Lieutenant's office. He came in the door with an attitude asking about a claim. Lt. Wanzer asked him what his name was and with an attitude he said Tewell, Lt. Wanzer told him not to come in here with an attitude. The inmate proceeded to be insolent so Lt. Wanzer said take him to Special Housing. When we got outside he said something else about to [sic] claim, and that if something was not done it was on.

(Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - Carden Memorandum.)

Later that day, an investigating officer read Petitioner the narrative account of the charge, to which Petitioner responded: "I reserve the right to speak at [the] DHO hearing." (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - Incident Report.) The investigating officer recommended that the charge of Threatening Staff with Bodily Harm, "code 203," be reduced to Insolence, "code 312."

---

[2] As a result of this disciplinary conviction, Petitioner lost 7 days of good time credit. Thus, his claim that he was denied due process in the disciplinary hearing is cognizable in a § 2241 habeas action. *See Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974).

Petitioner was advised of his right to appear before the Unit Disciplinary Committee ("UDC"), but indicated that he did not wish to exercise that right.[3]  (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - Waiver of Appearance Form.) On April 23, 2008, the UDC met and referred the matter to a Disciplinary Hearing Officer ("DHO").  (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - Incident Report.) On May 13, 2008, Unit Secretary A. Vance executed a form agreeing to act as Petitioner's staff representative at the DHO hearing.  (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - Duties of Staff Representative Form.)

On May 15, 2008, Petitioner appeared before the DHO. (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - DHO Report.) At the beginning of the hearing, Petitioner requested that staff representative Vance notarize a written statement he made.  *Id.*  The DHO informed Petitioner that staff representative Vance was not a notary and that due process did not require that he be provided a notary.  *Id.*  Nevertheless, Petitioner requested a staff representative who was a notary. *Id.*  The DHO continued the disciplinary hearing and advised the Warden of Petitioner's request. *Id.*  The Warden subsequently appointed Counselor Crowder as Petitioner's staff representative.  *Id.*

On July 3, 2008, Petitioner appeared for the reconvened DHO hearing. (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - DHO Report.)  In his testimony, Petitioner denied the charge and stated that he did not threaten any staff. Petitioner also called Officer Hampton to testify. The DHO summarized Officer Hampton's testimony as follows:

---

[3]Following an incident investigation, the matter is then referred to the UDC for a hearing, pursuant to 28 C.F.R. § 541.15. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the high category offenses, the UDC then refers the matter to a Disciplinary Hearing Officer (DHO") for a hearing. *See* 28 C.F.R. § 541.15.

> On the day prior to this incident, Lt. Wanzer called for Inmate Tewell to report to the Lieutenant's Office but he didn't show. When Tewell was finally located it was late in the afternoon and he was told to report back to the lieutenant's office at 7:30 a.m. the next day. The morning of the incident, Officer Hampton was on the computer in the Lieutenant's office. Tewell was waiting at the door to talk to Officer Wanzer. Officer Hampton stated Tewell was being a smart alec and Lt. Wanzer said, "Say one more smart word. . ." to which Tewell stated which word do you want me to say. Wanzer then told Compound to escort Tewell to the Special Housing Unit and they all went outside.

*Id.*

In his decision, the DHO expunged the charge of Threatening Staff with Bodily Harm, "code 203," but found Petitioner guilty of the lesser offense, Insolence, a "code 312" violation. (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - DHO Report.) In support of his decision, the DHO cited: (1) the written account of Lt. Wanzer; (2) the fact that Petitioner gave no statement to the investigating officer and refused to attend the UDC hearing; (3) Officer Hampton's testimony; and (4) Officer Crowder's memorandum. *Id.* The sanctions imposed by the DHO included: (1) the suspended imposition of 15 days of disciplinary segregation; (2) the disallowance of 7 days of good conduct time; (3) and the loss of certain commissary, telephone, and visitation privileges. *Id.*

After pursuing administrative appeals, Petitioner filed this federal habeas action on July 16, 2008.[4] (Docket entry #1.) According to Petitioner, the Court should vacate his disciplinary

---

[4] Petitioner concedes that he did not exhaust his administrative appeals, but contends that exhaustion is futile because his scheduled release is imminent. Respondent indicates that, on July 11, 2008, Petitioner's appeal to the BOP Regional Director was rejected because it was submitted on the wrong form, and Petitioner was informed he had 15 days to submit the correct form. (Docket entry #5, Ex. A, Severson Affidavit at ¶12.) Petitioner never submitted a subsequent appeal, and he is currently scheduled for release from BOP on September 4, 2008. *Id.* In his Answer, Respondent argues that Petitioner's claims fail on the merits and are alternatively barred for failure to exhaust administrative remedies. (Docket entry #5.) Because Respondent has addressed the merits of Petitioner's claims, and because of Petitioner's's impending release, the Court addresses the merits of Petitioner's claims.

conviction based on the following due process violations: (1) he was denied the right to have a staff representative of his choice; (2) he was denied the right to make a statement on his behalf; (3) he was denied the opportunity to have his written statement notarized; (4) his staff representative refused to help him obtain documentary evidence; (5) he was denied access to the law library for research; (6) he was not allowed to present documentary evidence; (7) his staff representative made no effort to defend him during the DHO hearing; and (8) he was denied the right to call witnesses. (Docket entry #1.)

Respondent argues that Petitioner's claims are without merit. (Docket entry #5.) For the reasons explained below, the Court agrees with Respondent's arguments. Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.

## II. Discussion

**A.     Standard of Review Governing Prison Disciplinary Hearings**

The deprivation of good time credits for a violation of a prison rule implicates liberty interests protected by the Due Process Clause. *See Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir.2002) (*citing Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). When a prison disciplinary hearing may result in the loss of good time credits, the inmate must receive: (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decisionmaker identifying the evidence relied on and the reasons for the disciplinary action. *See Hrbek v. Nix*, 12 F.3d 777, 780 (8th Cir.1993) (*citing Wolff*, 418 U.S. at 563-67); *Espinoza*, 283 F.3d at 951-52 (*citing*

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985)). However, the decision of the prison disciplinary hearing officer is only required to be supported by "some evidence in the record." *Espinoza*, 283 F.3d at 951-52 (*citing Hill*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Hill*, 472 U.S. at 457.

**B.     Analysis of Petitioner's Habeas Claims**

   **1.     Denial of Choice of a Staff Representative**

According to Petitioner, he was denied his right to a staff representative of his choice because he was not appointed a staff representative who was a notary public. This claim fails for a number of reasons.

First, the evidence establishes that Petitioner was never denied his "choice" of staff representatives. When Petitioner first requested a specific staff representative, Ms. Vance, BOP officials accommodated his choice. After Petitioner indicated he did not wish to proceed with staff representative Vance at his first DHO hearing, he never requested another specific representative.

More importantly, Petitioner cites to no authority for the proposition that he has the constitutional right to a staff representative, much less one of his own choosing, or one that is a notary public. A prisoner does not have a general constitutional right to have a staff representative appear on his behalf in a disciplinary proceeding. *See Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir.1996). Instead, due process requires that inmates be provided with the aid of a staff

representative only where the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *See Wolff*, 418 U.S. at 570. Petitioner makes no allegation that he is illiterate, and the issues involved in the case were not complex. *See also Hammock v. Nash*, 2005 WL 2562295, *4 (M.D. Pa. 2005) (unpublished decision) (noting that *Wolff* "does not mandate that a prisoner has the right to be afforded a staff representative of his choosing. ") Thus, the Court concludes that this claim is without merit.

### 2. Denial of Right to Make a Statement

Petitioner argues that he was denied his right to make a statement because the DHO interrupted him when he attempted to tell his side of the dispute.

Contrary to Petitioner's contention, the DHO's decision reflects that Petitioner was able to make a statement at the hearing and was able to present his defense to the charge. Specifically, the decision reflects that Petitioner was asked if he wished to make a statement, and that Petitioner denied the charge and affirmatively stated that he did not threaten Lt. Wanzer. (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - DHO Report.) Thus, the Court concludes that this claim is without merit.

### 3. Denial of a Notarized Statement

Petitioner argues that the DHO refused his request to have his "Affidavit of Fact" notarized. The Court is not aware of any authority supporting the proposition that due process under *Wolff* entitles a prisoner to have a particular document notarized. Thus, the Court concludes that this claim is without merit.

### 4.     Ineffective Assistance of the Staff Representative

According to Petitioner, staff representative Crowder did not help him gather documentary evidence. To support this argument, Petitioner cites a June 12, 2008 memorandum from Crowder to the DHO concerning Petitioner's requests for legal materials. Crowder informed the DHO of his belief that the majority of Petitioner's requests were irrelevant to his defense, and that most were manipulative and aimed at obtaining materials in order to file other complaints against prison staff. (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - Crowder Memorandum.)

There are at least two problems with Petitioner's argument. First, as indicated earlier, Petitioner was not constitutionally entitled to the aid of a staff representative. *See Duarte v. Turner*, 46 F.3d 1199 (7th Cir. 1995) (unpublished decision) (rejecting prisoner's habeas claim that his staff representative was ineffective for failing to discover evidence because due process under *Wolff* only requires the aid of a staff member where the inmate is illiterate or the issues are complex.) Second, in making this conclusory argument, Petitioner has failed to make any showing of what documents the staff representative should have gathered or how those documents would have affected the outcome of the proceeding. Therefore, the Court concludes that this claim is without merit.

### 5.     Denial of Access to Law Library

Petitioner argues that, while he was in the Special Housing Unit, he was never taken to the law library to research his defense. Respondent counters that there is no evidence that Petitioner ever requested to go to the law library, or that staff ever denied him access.

This argument raises a denial of access to courts claim, which is cognizable in a § 1983 action, not a habeas claim under 28 U.S.C. § 2241. *See, e.g., Williams v. Hopkins*, 130 F.3d 333, 335-36 (8th Cir. 1997) (challenges "to the conditions of confinement" must be brought in a civil

rights action filed pursuant to a 42 U.S.C. § 1983 action, while challenges "to the fact or duration of a sentence of imprisonment" must be brought in a § 2254 habeas action); *see also Kane v. Garcia Espitia*, 546 U.S. 9 (2005) (*per curiam*) (denial of access to a law library cannot provide a basis for a pro se petitioner's habeas relief because no Supreme Court case clearly establishes a *pro se* petitioner's constitutional right to law library access). Moreover, in making this argument, Petitioner does not identify the legal material he needed to prepare his defense or how it would have assisted him in the preparation of his defense. Therefore, the Court concludes that this claim is without merit.

### 6. DHO's Refusal to Accept Documentary Evidence

Petitioner argues that the DHO refused to accept into evidence his "Affidavit of Fact" containing his written version of events; a copy of program statements that the DHO was allegedly violating; and unspecified legal materials that his staff representative refused to help him obtain.

As previously explained, due process requires that prison officials provide an inmate facing disciplinary proceedings the opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *See Wolff*, 418 U.S. at 566. However, courts should defer to a prison official's discretion "to limit access to other inmates to collect statements or to compile other documentary evidence." *See Wolff,* 418 U.S. at 566. Furthermore, errors made by prison officials in denying evidence at hearings are subject to harmless error review. *See Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir.2006). *See also Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir.1993) (prisoner claiming due process violation for failure to permit testimony must show that the testimony "would have affected the outcome of his case")

Petitioner does not substantively describe the documents that he wished to introduce into evidence or what the DHO's justification was, if any, for refusing to consider them. Regardless of whether the DHO accepted into evidence Petitioner's written account of the incident, the DHO allowed Petitioner to give a statement describing his version of the facts. (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - DHO Report.) Beyond that, Petitioner has failed to establish that the "program statements" or other undescribed legal materials were pertinent to the outcome of the proceeding. Thus, the Court concludes that this claim is without merit.

### 7. Staff Representative's Conduct During the DHO Hearing

Petitioner argues that the staff representative did not defend him at the DHO hearing, and only spoke to admonish Petitioner to be respectful to the DHO.

The Court concludes that this claim should be denied for the same reasons discussed above with respect to Petitioner's other complaints about the performance of his staff representative.

### 8. DHO's Refusal to Allow Witnesses

Finally, Petitioner argues that the DHO erred in refusing to allow Petitioner to call inmate McCall as a witness. According to Petitioner, McCall would have testified as to the "relative conduct" of Lt. Wanzer.

The DHO's decision reflects that Petitioner was asked what involvement inmate McCall had in the incident, and Petitioner conceded that McCall was not present but could provide information about the "way Lt. Wanzer is." (Docket entry #5, Ex. A, Attachment #3 to Severson Affidavit - DHO Report.) The DHO advised Petitioner that this testimony would not be pertinent to the hearing. *Id.*

Petitioner has made no showing that McCall's testimony was relevant to the incident. Accordingly, the DHO did not deprive Petitioner of due process in refusing to allow him to call McCall as a witness. Thus, the Court concludes that this claim is without merit.

### III. Conclusion

The record in this case contains at least "some evidence" to support the disciplinary conviction, as required by the Court's holding in *Hill*. Additionally, Petitioner was afforded the opportunity to explain his position and defend himself in accordance with the due process standards set forth by the Court in *Wolff*.

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (docket entry #1) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 21st day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE